IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H- |
| | § | |
| $891,010.02, $324,305.54, $264,107.67 | § | |
| and $398,830.99IN US CURRENCY, | § | |
| Defendants. | § | |
| | § | |

COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, alleges on information and belief that:

1.     This is a civil action in rem brought against $891,010.02, $264,107.67and $324,305.54 seized from JP Morgan Chase Bank and $398,830.99 seized from Wells Fargo Bank, hereinafter collectively referred to as "defendant currency." The defendant currency was seized pursuant to civil seizure warrants issued in this district authorizing the seizure of certain funds on deposit at financial institution JP Morgan Chase Bank in account nos. *6787 ("account *6787"), and *6113 ("account *6113"), and on deposit at financial institution Wells Fargo Bank in account no. *4393 ("account *4393").  Each of these accounts is held in the name D Tronics, Ltd. ("D Tronics").

2.     This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.  The defendant currency will remain within the jurisdiction of this Court during the pendency of this action. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391 and 1395.

3.    Forfeiture of the defendant currency is authorized by:

    A.    Title 31 U.S.C. § 5317(c), providing for the forfeiture of property involved in a violation of 31 U.S.C. § 5324(a)(1) - (3), § 5324(b)(1)-(3), and § 5324(c)(1)-(3), or a conspiracy to commit any such violation, and any property traceable to such property.

    B.    Title 18 U.S.C. § 984 (forfeiture of fungible property), providing funds that are found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

4.    The defendant currency is subject to forfeiture based on violations of 31 U.S.C. § 5324(a) and § 5324(b), including structuring under subsection (a)(3) and (b)(3), and application of 18 U.S.C. § 984.

5.    D Tronics is an electronics business physically located in McAllen, Texas. D Tronics, Inc. was incorporated under the laws of the State of Texas on October 2, 1995, and on August 27, 2001, the corporation was reorganized and converted to a limited partnership.

6.    D Tronics conducts retail business in Brownsville and Harlingen, Texas. The D Tronics's business activities referred to in this complaint are activities conducted in the McAllen, Texas office only, and do not concern activities at the retail locations.

7.      During the time period from January 2011 through September 2011, deposits exceeding the amount of defendant currency were deposited into JP Morgan Chase Bank account *6787 and into Wells Fargo Bank account *4393 in a manner indicative of structuring.  During this time frame, money was transferred between the accounts at JP Morgan Chase Bank and Wells Fargo Bank held in the name of D Tronics.

8.      Title 31 U.S.C. § 5313 and prescribed regulations require a financial institution to report cash transactions exceeding $10,000.  To evade or attempt to evade these identification and reporting requirements for cash transactions greater than $10,000, as well as the reporting requirements set by 31 U.S.C. §§ 5313, 5316, 5325 and 5326, cash deposits are broken into amounts of less than $10,000.  Title 31 U.S.C. § 5324(a) prohibits any person, for the purpose of evading the reporting requirements of § 5313, to cause or attempting to cause a domestic financial institution to fail to file a required report under § 5313(a) or any regulation prescribed under such section, or to structure or assist in structuring, any transaction with one or more domestic institutions.

9.      Title 31 U.S.C. § 5331 and prescribed regulations require any person engaged in a trade or business who, in the course of such trade or business, receives more than $10,000 in currency to file a report with respect to such transaction (or related transactions).  Title 31 U.S.C. § 5324(b)  prohibits any person, for the purpose of evading the reporting requirements of § 5331, to cause or attempt to cause a

3

nonfinancial institution to fail to file a report required under § 5331 or any regulation prescribed under such section, or to structure or assist in structuring, any transaction with one or more domestic institutions.

10.     D Tronics, its owner and/or employees did not report currency transactions as required by law or file reports as required by 31 U.S.C. § 5331.  From January 2011 through September 2011, D Tronics, in the course of business in which it was engaged, received currency and conducted cash transactions (and related transactions) in amounts that should have been reported pursuant to applicable statute and regulations.

11.     Further, the structured cash deposits made into the  D Tronics's accounts at JP Morgan Chase Bank and Wells Fargo Bank from January 1, 2011, through September 2011, subject the defendant currency to civil forfeiture under 31 U.S.C. § 5317(c). The alleged cash deposits indicative of structuring made into D Tronics's accounts are visable upon review of the applicable records.

12.     Under all of the circumstances, there is reason to believe that the defendant currency is subject to forfeiture to the United States under 31 U.S.C. § 5317(c).

13.     The United States anticipates D Tronics and JP Morgan Chase Bank will promptly file competing claims of interest in the defendant currency.  The United States also anticipates an agreement by these parties for an initial disbursement of the

4

defendant currency to D Tronics pursuant to Court order.

### NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set Forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint was sent to you in accordance with Rule G; or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site.

An answer or a motion under FED.R.CIV.P. 12 must be filed no later than 21 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

WHEREFORE, the United States of America prays:

1. Summons issue according to the normal procedure of this Court as to the defendant property, citing all persons having an interest in the defendant to appear on the return day of process by filing a claim and answer pursuant to Rule G,

5

Supplemental Rules for Certain Admiralty and Maritime claims, or as ordered by the Court;

    2.  The court issue appropriate orders or a judgment for the disposition of the defendant currency as appropriate; and

    3.  For such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: /S/ Susan Kempner
Susan Kempner
Assistant United States Attorneys
P.O. Box 61129
Houston, Texas 77208

JENNIFER SHASKY CALVERY
United States Department of Justice
Chief, Criminal Division
Asset Forfeiture and
Money Laundering Section

By: /S/ Jeannette Gunderson
Jeannette Gunderson
Trial Attorney
1400 New York Avenue NW, 10th Floor
Washington, DC 20005


VERIFICATION

Before me, the undersigned authority, personally appeared, Thomas

6

Dombrowski, Special Agent, Homeland Security Investigations, and upon being duly sworn, stated under oath that he has read the foregoing Verified Complaint for Civil Forfeiture In Rem and the facts stated in the complaint are based upon either personal knowledge or from information obtained from reports and law enforcement personnel, and are true and correct to the best of his knowledge and belief.

_____
Thomas Dombrowski,
Special Agent, HSI

Sworn to and subscribed before me,
on  01/20/2012 ,

Notary Public, State of New Jersey;
My commission expires:

**LYNNETTE DURKO**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 7/14/2016**

7